IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATOS, LLC<br>D/B/A RIDEMETRIC,<br><br>        Plaintiff,<br><br>   vs.<br><br>ALLSTATE INSURANCE CO., ESURANCE<br>INSURANCE SERVICES, INC., AND ARITY,<br>LLC,<br><br>        Defendants. | CASE NO. 1:20-CV-6224<br>JUDGE ANDREA R. WOOD<br>MAGISTRATE BETH W. JANTZ<br><br>JURY DEMANDED |

## JOINT INITIAL STATUS REPORT

Plaintiff ATOS, LLC, also known as and doing business as RideMetric ("RideMetric"),

and Defendants Allstate Insurance Co. ("Allstate"), Esurance Insurance Services, Inc.

("Esurance"), and Arity, LLC ("Arity"), by and through their counsel, hereby submit their Joint

Initial Status Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Northern

District of Illinois Local Patent Rule 1.2.[1]

## I. NATURE OF THE CASE

### A. Attorneys Of Record

**Plaintiff ATOS, LLC**
Reginald J. Hill (Lead Trial Attorney)
Joel T. Pelz
Debbie L. Berman
Amit B. Patel
Michael T. Werner

---

[1] The parties recognize that this Court's Order governing joint initial status reports provides that reports "are not to exceed five pages in length." The parties made all reasonable efforts to stay within that limit, but exceeded the five pages in view of the additional requirements for joint initial status reports set forth in the Northern District of Illinois Local Patent Rules.

**Defendants Allstate Insurance Co., Esurance Insurance Services, Inc., and Arity, LLC**
Thomas D. Rein (Lead Trial Attorney)
Stephanie P. Koh
Nathaniel C. Love
Kevin R. Oliver
Christopher P. Shoup

**B.      Identify Any Parties That Have Not Yet Been Served**

All parties currently named have been served.[2]

**C.      Basis For Federal Jurisdiction**

The parties agree that RideMetric brings claims against Defendants under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and thus this Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338.

**RideMetric:**  Additionally, this Court has supplemental jurisdiction over RideMetric's state-law claims against Allstate and Arity for breach of contract under Illinois law and violation of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/1 *et seq.*, pursuant to 28 U.S.C. § 1367, as those claims are so related to the patent infringement claims that they form part of the same case and controversy.

To the extent there no longer exists a basis for this Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over RideMetric's state-law claims against Allstate and Arity, this Court also may exercise diversity jurisdiction over those claims pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  RideMetric is a New Jersey limited liability company, Allstate is an Illinois corporation, Esurance is a Delaware corporation, and Arity is a Delaware limited liability company.  RideMetric seeks damages in an amount in excess of

---

[2] To the extent discovery reveals additional necessary parties, RideMetric will notify the Court and promptly make all reasonable efforts to effect service on those additional parties.

$75,000 from Allstate and Arity for their breach of contract, and also seeks damages in an amount in excess of $75,000 from Allstate and Arity for their ITSA violations.

**Defendants:** Defendants do not concede that this Court may exercise supplemental jurisdiction or diversity jurisdiction over RideMetric's state-law claims.

### D. Nature Of Claims Asserted And Relief Sought

**RideMetric**: RideMetric seeks relief for claims against Allstate, Esurance, and Arity for infringement of U.S. Patents Nos. 9,152,609 (the "'609 Patent"), 8,527,140 (the "'140 Patent"), and 9,846,174 (the "'174 Patent") (collectively, the "Patents-in-Suit") based on Allstate's Drivewise mobile application and Esurance's DriveSense mobile application, and Arity's technology used in connection with both applications. RideMetric further seeks relief for claims against Allstate and Arity for breach of contract under Illinois law and misappropriation of RideMetric's trade secrets in violation of the ITSA, based on Allstate and Arity's improper use of those trade secrets to develop the Drivewise mobile application and to analyze the telematics data collected through the Drivewise mobile application.

**Defendants**: As set forth in Defendants' Motion to Dismiss, RideMetric's infringement allegations should be dismissed because the '609 Patent, '140 Patent, and '174 Patent claims fail to recite patent-eligible subject matter under 35 U.S.C. § 101, and RideMetric's claims for breach of contract and misappropriation of trade secrets should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 30.) Defendants reserve the right to assert additional affirmative defenses and counterclaims should the Court deny, in whole or in part, Defendants' pending motion to dismiss. In the event Defendants' motion to dismiss is denied, Defendants expect to, at a minimum, assert defenses of: (1) non-infringement and invalidity of the '609 Patent, '140 Patent, and '174 Patent; (2) no

breach of contract; and (3) no violation of the ITSA. Defendants also expect to dispute any damages claim.

### E. Major Factual And Legal Issues

The major factual and legal issues in this case include:

- The underlying operation of Allstate's Drivewise mobile application and Esurance's DriveSense mobile application and whether it is within the scope of any claims of the Patents-in-Suit;

- Whether Allstate and Arity use RideMetric's proprietary and trade secret information in connection with Allstate's Drivewise mobile application and/or Esurance's DriveSense mobile application, or in any other manner;

- The amount of any damages that RideMetric may be entitled to receive;

- Whether the '609 Patent, '140 Patent, and '174 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 including because they fail to claim patent-eligible subject matter under 35 U.S.C. § 101;

- Whether there has been any infringement by Defendants of the '609 Patent, '140 Patent, and '174 Patent; and

- Whether RideMetric's claims for breach of contract under Illinois law and misappropriation of trade secrets fail to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) and, to the extent those claims survive Defendants' motion to dismiss, whether there has been any breach of contract and any violation of ITSA.

## II.     CASE PLAN

### A.     Pending Motions

- Defendants' Motion to Stay Discovery (Dkt. No. 28), filed on January 13, 2021.

- Defendants' Motion to Dismiss (Dkt. No. 30), filed on January 14, 2021.

### B.     Defendants' Anticipated Motions

- Motion to Modify Protective Order, including to address procedures for inspection of source code.

### C.     Proposed Discovery Plan

1.     General type of discovery needed.

**RideMetric**: RideMetric needs discovery on all aspects of the Drivewise and DriveSense mobile applications, along with Arity's technology, including technical documentation and source code, data related to the usage of those applications, financial information (e.g., revenue, costs, profits), and marketing information, and anticipates (1) issuing requests for production of documents (including electronically stored information), interrogatories, and requests for admission, and (2) deposing Allstate, Esurance, and Arity personnel involved in the development and deployment of the Drivewise and DriveSense mobile applications and Arity's technology, in addition to deposing Allstate, Esurance, and Arity pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and (3) issuing document and deposition subpoenas to relevant third parties that use or license any applications or technologies from Allstate, Esurance, and/or Arity. RideMetric may need additional discovery to the extent the above discovery reveals additional sources of relevant information.

RideMetric does not agree that discovery should be stayed until the Court rules on the pending motion to dismiss. The Local Patent Rules anticipate the type of motion filed by the Defendants and that discovery according to those rules should proceed and is not stayed.

Moreover, the overlap of discovery for the patent and non-patent claims, namely, the development and operation of Defendants' Drivewise and DriveSense mobile applications, counsels against a stay or any delay in discovery.

**Defendants**: Defendants' position is that all discovery should be stayed until the Court rules on the pending motion to dismiss, which will clarify the scope of any appropriate discovery. Until then, RideMetric's proposed discovery is unduly burdensome and creates the risk of unnecessary disclosure of Defendants' proprietary, highly-confidential information in the face of the overly broad and vague allegations of the Complaint.

Should any of RideMetric's claims survive the motion to dismiss (and potentially depending on which claims survive), Defendants anticipate that they will take written and oral discovery (including document requests, written interrogatories, requests for admission, depositions, and third-party subpoenas) in this matter regarding at least the following: the priority dates of the patents-in-suit; any product allegedly practicing the subject matter of any claim of any patent-in-suit; the basis for RideMetric's infringement contentions; any assignment, license, covenant not to sue, settlement agreement, or other agreement relating to the patents-in-suit; the purported validity and enforceability of the patents-in-suit; the bases for RideMetric's damages theories; communications relevant to RideMetric's breach-of-contract claim; and RideMetric's purported trade secrets. Defendants may need additional discovery to the extent the above discovery reveals additional sources of relevant information.

        2.      Whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced.

The parties anticipate that discovery will encompass ESI and will seek and produce ESI pursuant to the Northern District of Illinois Local Patent Rules for Electronically Stored Information.

Defendants will file a motion to modify the Protective Order to include supplemental provisions regarding the inspection of source code.

> 3. Any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.

The parties agree that Paragraph 5 of the protective order currently in effect pursuant to Northern District of Illinois Local Patent Rule 1.4 and as set forth in the Northern District of Illinois Local Patent Rules Appendix B shall govern claims of privilege or protection as trial-preparation materials, including the procedure to assert such claims after production.

> 4. The date on which Rule 26(a) disclosures will be made.

The Court has set an initial status conference for January 28, 2021, the default date on which the parties would make Rule 26(a) disclosures under Local Patent Rule 2.1. Because Defendants have moved for a stay of discovery pending resolution of Defendants' motion to dismiss, Defendants propose that the parties exchange Rule 26(a) disclosures 14 days after Defendants file an Answer to the Complaint or an Amended Complaint that states claims for which relief may be granted under Fed. R. Civ. P. 12(b)(6). Alternatively, Defendants propose that the parties exchange Rule 26(a) disclosures 14 days after the Court rules on Defendants' motion to stay discovery, if the Court denies the motion to stay. RideMetric disagrees and believes initial disclosures should be produced on January 28, 2021 pursuant to the Local Patent Rules. The parties will seek the Court's guidance on this issue during the January 28, 2021 initial status conference.

> 5. The date by which the parties will complete fact discovery.

Pursuant to Northern District of Illinois Local Patent Rule 1.3, fact discovery shall be completed 42 days after entry of a claim construction ruling.

6.   Whether expert discovery is contemplated, and if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed.

The parties contemplate expert discovery if Defendants' Motion to Dismiss is denied. Pursuant to Northern District of Illinois Local Patent Rule 5.1(b), the parties will make their initial expert witness disclosures required by Rule 26 on issues for which they bear the burden of proof 28 days after completing fact discovery. The parties will make their rebuttal expert witness disclosures required by Rule 26 28 days after the initial expert witness disclosures.

Pursuant to Northern District of Illinois Local Patent Rule 5.2, the parties will complete expert witness depositions within 28 days after the exchange of rebuttal expert witness disclosures.

7.   What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted.

*See* Part IV *infra*.

8.   The date by which the parties must file any dispositive motions.

Pursuant to Northern District of Illinois Local Patent Rule 6.1, the parties must file any dispositive motions within 28 days after the last day to complete expert depositions.

**D.    Jury Demand**

RideMetric demands a trial by jury and estimates the trial to take two weeks.

## III.  SETTLEMENT

No settlement discussions have occurred to date.

**RideMetric** believes that a settlement conference may be productive after the parties have exchanged initial disclosures and basic documentation about the accused instrumentalities, and the relevant finances.

**Defendants** believe that a settlement conference is premature until Defendants' motion to dismiss is resolved and, if it is denied, until after RideMetric has provided initial infringement contentions.

## IV. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge.

The parties do not consent to proceed before the assigned Magistrate Judge.

## V. ADDITIONAL ITEMS PURSUANT TO LOCAL PATENT RULE 1.2

1. The following persons participated in a Rule 26(f) conference on January 12, 2021 by telephone:

Reginald J. Hill, Joel T. Pelz, and Amit B. Patel representing RideMetric.

Nathaniel C. Love and Kevin R. Oliver representing Allstate, Esurance, and Arity.

2. The parties will seek the Court's guidance during the January 28, 2021 initial status conference regarding the date on which the parties will complete the initial disclosures required by Rule 26(a)(1). See Part II.C.4, *supra*.

3. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

(a) Each side may issue 25 interrogatories, with answers due within 30 days of service.[3]

---

[3] Though RideMetric has named three distinct corporate entities as defendants, it agrees to this limitation to avoid unnecessarily duplicative discovery. However, RideMetric reserves the right

(b)     Each side may issue 50 requests for admission, with answers due within 30 days of service.[4]

(c)     Each side may take a maximum of ten factual depositions, including any depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure.[5]

(d)     Each deposition shall be subject to a seven-hour time limit.

(e)     Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5.     Defendants' position is that the Court should stay all discovery pending resolution of Defendants' motion to dismiss.  If Defendants' motion to stay discovery is denied, the parties do not propose a discovery plan that differs from that provided in the Local Patent Rules, under which the below deadlines apply:

| Event | Plaintiff's Proposed Due Date | Defendants' Proposed Due Date[6] |
| --- | --- | --- |
| Initial Disclosures (LPR 2.1) | January 28, 2021 | 14 days after Answer |
| Initial Infringement Contentions (LPR 2.2) | February 11, 2021 | 14 days after Initial Disclosures |
| Initial Non-Infringement, Unenforceability, and Invalidity Contentions (LPR 2.3) | February 25, 2021 | 14 days after Initial Infringement Contentions |
| Initial Response to Invalidity Contentions (LPR 2.5) | March 11, 2021 | 14 days after Initial Non-infringement, Unenforceability, |

---

to seek leave to conduct discovery beyond this limitation if the distinctions between each of Defendants necessitate doing so.

[4] *See supra* note 3.

[5] *See supra* note 3.

[6] Defendants' proposed due dates align with the Estimated Patent Case Schedule set forth in the Local Patent Rules, beginning with the filing of an Answer to the Complaint or an Amended Complaint that states claims for which relief may be granted under Fed. R. Civ. P. 12(b)(6). Alternatively, Defendants propose a schedule that begins with Initial Disclosures 14 days after the Court rules on Defendants' motion to stay discovery, if the Court denies the motion to stay.

| Event | Plaintiff's Proposed Due Date | Defendants' Proposed Due Date[6] |
|---|---|---|
| | | and Invalidity Contentions |
| Final Infringement, Unenforceability, and Invalidity Contentions (LPR 3.1) | August 5, 2021 | 21 weeks after Initial Infringement Contentions |
| Final Non-Infringement, Enforceability, and Validity Contentions (LPR 3.2) | August 26, 2021 | 28 days after Final Infringement Contentions |
| Exchange of Claim Terms Needing Construction And Proposed Constructions (LPR 4.1) | September 9, 2021 | 14 days after Final Non-Infringement Contentions |
| Opening Claim Construction Brief (LPR 4.2(a)) | October 14, 2021 | 35 days after exchange of claim terms |
| Responsive Claim Construction Brief (LPR 4.2(c)) | November 11, 2021 | 28 days after Opening Claim Construction Brief |
| Reply Claim Construction Brief (LPR 4.2(d)) | December 3, 2021[7] | 14 days after Responsive Claim Construction Brief |
| Joint Claim Construction Chart (LPR 4.2(f)) | December 10, 2021 | 7 days after Reply Claim Construction Brief |
| Claim Construction Hearing (LPR 4.3) | January 10, 2022[8] | 28 days after Reply Claim Construction Brief |
| Claim Construction Ruling | February 7, 2022[9] | 6 weeks after Claim Construction Hearing |
| Close of Fact Discovery (LPR 1.3) | March 21, 2022 | 42 days after Claim Construction Hearing |
| Expert Reports of Parties with Burden of Proof (LPR 5.1(b)) | April 11, 2022 | 21 days after Close of Fact Discovery |
| Rebuttal Expert Reports (LPR 5.1) | May 16, 2022 | 35 days after Initial Expert Reports |
| Completion of Expert Witness Depositions (LPR 5.2) | June 20, 2022 | 35 days after Rebuttal Expert Reports |

[7] The Local Patent Rules set this date at November 25, 2021, which is a court holiday. The parties respectfully request that this date be extended to the following week.
[8] The Local Patent Rules set this date at December 31, 2021, which is a court holiday. The parties respectfully request that this date be extended to early January 2022.
[9] Estimated to be six weeks after claim construction hearing; subsequent dates are dependent on this.

| Event | Plaintiff's Proposed Due Date | Defendants' Proposed Due Date[6] |
|---|---|---|
| Final Day for Filing Dispositive Motions (LPR 6.1) | July 18, 2022 | 28 days after Close of Expert Discovery |

6. Other Dates:

(a) Dates for supplementations under Rule 26(e). 14 days after close of fact discovery.

(b) A date if the parties ask to meet with the court before a scheduling order. Not Applicable.

(c) Requested dates for pretrial conferences:

**RideMetric:** Early November 2022.

**Defendants:** 95 weeks after Defendants file an Answer to the Complaint or an Amended Complaint that states claims for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

(d) Final dates for the plaintiff to amend pleadings or to join parties:

**RideMetric:** April 15, 2021.

**Defendants:** 13 weeks after Defendants file an Answer to the Complaint or an Amended Complaint that states claims for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

(e) Final dates for the defendant to amend pleadings or to join parties:

**RideMetric:** April 15, 2021.

**Defendants:** 13 weeks after Defendants file an Answer to the Complaint or an Amended Complaint that states claims for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

(f) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: 14 days before start of trial.

(g)     Final dates to file objections under Rule 26(a)(3):  <u>7 days before start of trial.</u>

7.     Other Items

(a)     *See* Part III *supra* for prospects for settlement.

(b)     Plaintiff believes that a mediation may enhance settlement prospects once the parties have engaged in some discovery.  Defendants' position is that any such mediation is premature as explained in Part III.

(c)     Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

(d)     In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used.

(e)     The parties agree the video "The Patent Process: An Overview for Jurors" or any subsequent version of same distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

(f)     The parties do not agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§ 102, 103 apply to all patents-in-suit in this case.  The '609 Patent and the '140 Patent predate the America Invents Act and thus are not within its scope.

(g) All three Patents-in-Suit are eligible to be challenged at the United States Patent and Trademark Office ("USPTO") by each defendant through an *inter partes* review or *ex parte* reexamination.

A petition for an *inter partes* review may be filed by Allstate, Esurance, or Arity for any of the Patents-in-Suit through October 23, 2021.

A petition for an *ex parte* reexamination may be filed by Allstate, Esurance, or Arity for the '609 Patent by February 10, 2030, for the '140 Patent by November 28, 2031, and for the '174 Patent by July 15, 2035.

None of the Patents-in-Suit have been the subject of any prior USPTO challenges or any litigation.

DATED: January 21, 2021

Respectfully submitted,

By:   */s/ Reginald J. Hill*
Reginald J. Hill (6225173)
 rhill@jenner.com
Debbie L. Berman (6205154)
 dberman@jenner.com
Joel T. Pelz  (3127591)
 jpelz@jenner.com
Amit B. Patel (6309876)
 apatel@jenner.com
Michael T. Werner (6314250)
 mwerner@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
Telephone:  +1 312 222 9350
Facsimile:  +1 312 527 0484

*Counsel for Plaintiff*

By:   */s/ Thomas D. Rein*                                

Thomas D. Rein
IL Bar No. 6185199
Stephanie P. Koh
IL Bar No. 6279210
Nathaniel C. Love
IL Bar No. 6303857
Kevin R. Oliver
IL Bar No. 6324436
Christopher P. Shoup
IL Bar No. 6332208
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: trein@sidley.com
Email: skoh@sidley.com
Email: nlove@sidley.com
Email: kevin.oliver@sidley.com
Email: cshoup@sidley.com

*Counsel for Defendants*